# ARNOLD & PORTER LLP

**Stewart D. Aaron**
Stewart.Aaron@aporter.com

212.715.1114
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

July 22, 2008

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____ │
│ DATE FILED: JUL 2 3 2008     │
└─────────────────────────────┘
```

**VIA E-MAIL**

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 735
New York, NY 10007

Re:    *Lisa Vioni et al. v. American Capital Strategies, Ltd. et al. –*
       08 Civ. 02950 (PAC) – Defendants' Request to File Motion
       to Dismiss Amended Complaint

Dear Judge Crotty:

On behalf of Defendants, we write to a request leave to file a motion to dismiss the Amended Complaint, which was served yesterday afternoon, without Your Honor holding an additional pre-motion conference in this action.

As Your Honor may recall, in the initial Complaint, Plaintiffs Lisa Vioni and Hedge Connection, Inc. (collectively, "Vioni") alleged breach of contract and quantum meruit claims against Defendants American Capital Strategies, Ltd. ("ACAS")[1] and Providence Investment Management, LLC, Providence Investment Partners, LLC and Russell Jeffrey (collectively, the "Providence Defendants"). Vioni alleged that, through a series of oral promises and emails, she had agreements with ACAS and the Providence Defendants to act as a "finder," and to introduce each to a viable business partner. Vioni alleged that her introduction of the Defendants to each other entitles her and her company to over $23 million in fees from ACAS and $15 million in fees from the Providence Defendants.

On June 10, 2008, Your Honor held a pre-motion conference in connection with Defendants' stated intention to file a motion to dismiss Vioni's claims in the initial Complaint.[2] During that conference, Your Honor stated that one purpose of the conference was to give Vioni a chance to amend the Complaint in light of any issues

---

[1]    American Capital Strategies, Ltd. changed its name to American Capital, Ltd. on June 30, 2008.

[2]    Copies of the correspondence from counsel leading up to the prior pre-motion conference are annexed hereto.

MEMO ENDORSED

MEMO ENDORSED

# ARNOLD & PORTER LLP

The Honorable Paul A. Crotty
July 22, 2008
Page 2

raised by Defendants. Plaintiffs' counsel expressed no intention of amending the
Complaint. Accordingly, Defendants moved to dismiss the Complaint on the grounds
that: (1) the alleged agreements were void under the Statute of Frauds; (2) the writings
Vioni relied upon in the Complaint failed to show a "meeting of the minds" regarding
compensation (in fact, the writings relied upon explicitly reject the terms Vioni alleged in
the Complaint); and (3) the agreements were void insofar as Vioni sought fees related to
transactions in securities because, as Vioni conceded in the Complaint, she is not and was
not a registered broker. Defendants made no substantive arguments in the motion to
dismiss that were not raised in their pre-motion conference letter dated May 16, 2008
(annexed hereto). Nevertheless, nearly six weeks after the pre-motion conference was
held, and one day before plaintiffs' opposition to the motion to dismiss was due, Vioni
filed an Amended Complaint.

The only significant, substantive addition to the Amended Complaint consists of
promissory estoppel claims against ACAS and the Providence Defendants. Defendants
submit that these new claims, like each of the claims alleged in the initial Complaint, fail
to state a claim upon which relief may be granted.[3] Defendants recognize Your Honor's
Individual Practice requiring a pre-motion conference before a motion to dismiss may be
filed. However, because Defendants' already-filed motion to dismiss will remain almost
entirely unchanged by the new allegations raised in the Amended Complaint, and because
Defendants anticipate that their arguments regarding the new claims will be quite brief,
Defendants respectfully request the Court's permission to file a motion to dismiss the
Amended Complaint, and forego an additional pre-motion conference.

With respect to the briefing schedule, Defendants are prepared to submit a motion
to dismiss the Amended Complaint by July 28, 2008, or such later date as shall be fixed
by the Court. We take no position on the remaining briefing schedule, except to note that
Vioni has now had four weeks to consider the motion to dismiss, which addresses the
bulk of the claims in the Amended Complaint.

---

[3]     Briefly stated, among other things, in the context of the Statute of Frauds, "the doctrine of promissory
estoppel is properly reserved for the limited class of cases where 'the circumstances are such as to render it
unconscionable to deny' the promise upon which the plaintiff has relied." *Philo Smith & Co., Inc. v.
USLIFE*, 554 F.2d 34, 36 (2d Cir. 1977) (citation omitted). "Where an alleged contract is made void by the
Statute of Frauds, an injury that is solely the result of non-performance of that void agreement is not
sufficiently 'unconscionable' to allow a party to estop reliance on the Statute of Frauds." *Rosenthal v.
Kingsley*, 674 F. Supp. 1113, 1125 (S.D.N.Y. 1987) (citing *USLIFE*, 554 F. 2d at 36).

# ARNOLD & PORTER LLP

The Honorable Paul A. Crotty
July 22, 2008
Page 3

Of course, if Your Honor requires a pre-motion conference, we are available at the Court's convenience.

This letter is respectfully submitted pursuant to Rule 3.B of Your Honor's Individual Practices, such that the time for Defendants to respond to the Amended Complaint is extended until the motion to dismiss is filed.

We appreciate Your Honor's consideration of this matter.

Respectfully,

Stewart D. Aaron

cc:    Michael Q. Carey, Esq. (via email)

*[handwritten annotation]* No premotion conference is necessary. Defendant may move to dismiss the amended complaint. Plaintiff should respond to the entry motion to dismiss the original complaint as that plaintiff derives no tactical advantage from late amendment. Plaintiff may respond to defendant brief supplement to answered within 30 days.

SO ORDERED:

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

# ARNOLD & PORTER LLP

Stewart D. Aaron
Stewart.Aaron@aporter.com

212.715.1114
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 16, 2008

## VIA E-MAIL

Honorable Paul A. Crotty
United States District Judge
500 Pearl Street, Chambers 735
New York, New York 10007

     Re:   *Vioni v. American Capital Strategies, Ltd., et al., 08-cv-2950 (PAC)*
           **Defendants' Request for a Pre-Motion Conference**

Dear Judge Crotty:

On behalf of the defendants in the above-referenced action, we respectfully
submit this letter, pursuant to Your Honor's Individual Practices, to request a pre-motion
conference in connection with defendants' motion to dismiss the Complaint.

### Background

Plaintiffs Lisa Vioni and her company, Hedge Connection, Inc., allege breach of
contract and quantum meruit claims against defendants American Capital Strategies, Ltd.
("ACAS") and Providence Investment Management, LLC, Providence Investment
Partners, LLC, and Russell Jeffrey (collectively, the "Providence Defendants"). Ms.
Vioni alleges that she had agreements with ACAS and the Providence Defendants to
introduce them to a "viable business partner." Compl. ¶¶ 1, 136, 177. Acting as a
"finder," Ms. Vioni alleges that she introduced ACAS and the Providence Defendants to
each other, and that as a result of her introduction, ACAS acquired the Providence
Defendants. *Id.* ¶¶ 1, 59-60. Ms. Vioni alleges that her introduction entitles her and her
company to millions of dollars in fees, consisting of finder's fees from ACAS and the
Providence Defendants, as well as fees based on monies invested in and the performance
of certain investment vehicles managed by Jeffrey. *Id.* ¶¶ 135-94 & Prayer for Relief.

### Plaintiffs' Breach Of Contract Claims Should Be Dismissed

Ms. Vioni's alleged agreements with defendants, which are based on a series of
purported oral promises and e-mails, are unenforceable under New York's Statute of
Frauds. Under New York law, "a contract to pay compensation for services rendered in
procuring the introduction of a party to a business transaction, or in assisting in
negotiating or consummating a business transaction, is void unless it is in a writing
signed by the party to be charged." *Bronner v. Park Place Entertainment Corp.*, 137 F.

# ARNOLD & PORTER LLP

Honorable Paul A. Crotty
May 16, 2008
Page 2

Supp. 2d 306, 309 (S.D.N.Y. 2001) (citing N.Y. G.O.L. § 5-701(a)(10)).[1]  Plaintiffs
cannot circumvent the Statute of Frauds by relying on the e-mails referenced in the
Complaint. First, a finder's fee agreement must be written and signed. *See Bronner*, 137
F. Supp. 2d at 311-12. Second, "the writing required by [§ 5-701] must contain all
material terms of the agreement." *Springwell Corp. v. Falcoln Drilling Co., Inc.*, 16 F.
Supp. 2d 300, 303 (S.D.N.Y. 1998) (citation omitted). Plaintiffs failed to attach to the
Complaint any of the e-mails upon which they rely.  E-mail exchanges between Ms.
Vioni and the defendants, which defendants will submit as part of their intended motion
to dismiss,[2] show that Ms. Vioni acknowledged the lack of an agreement, and sought to
have defendants agree to certain proposed terms with no confirmation from defendants.
Indeed, in one e-mail, ACAS affirmatively stated that it would not agree to pay Ms. Vioni
the types of fees she was envisioning.[3]

   *Bronner v. Park Place Entertainment* is directly on point.  In *Bronner*, the
plaintiff sought a commission for procuring an introduction of a developer to an Indian
tribe.  Plaintiff had arranged a telephone conference and a meeting between the parties.
*Bronner*, 137 F. Supp. 2d at 311.  In response to the plaintiff's claim of a commission
agreement, the Court held in dismissing the plaintiff's complaint: "Section 5-701 protects
parties in this situation from 'mischief' by requiring that such commission agreements be
in writing, and subscribed to [by] the party to be charged...." *Id.*  Like the unsuccessful
plaintiff in *Bronner*, Ms. Vioni in the present case relies on alleged oral agreements and

---

[1] N.Y. G.O.L.§ 5-701(a)(10) provides: "Every agreement promise or undertaking is void,
unless it or some note or memorandum thereof be in writing, and subscribed by the party
to be charged therewith, or by his lawful agent, if such agreement, promise or
undertaking: ... (10) Is a contract to pay compensation for services rendered in ...
negotiating the purchase, sale, exchange, renting or leasing of ... a business opportunity,
business, its good will, inventory, fixtures or an interest therein. ... 'Negotiating' includes
procuring an introduction to a party to the transaction or assisting in the negotiation or
consummation of the transaction. ..."

[2] "[W]hen deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may
consider 'any written instrument attached to the complaint, statements or documents
incorporated into the complaint by reference . . . and documents possessed by or known
to the plaintiff and upon which it relied in bringing the suit.'" *Diana Allen Life Ins. Trust
v. BP P.L.C.*, No. 06 Civ. 14209, 2008 WL 878190, *3 (S.D.N.Y. Mar. 31, 2008)(Crotty,
J.) (quoting *ATSI Commc'ns. Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.
2007)(ellipsis in original)).

[3] In a July 17, 2007 e-mail from Bob Grunewald of ACAS to Ms. Vioni, Mr. Grunewald
stated: "... ACAS does not pay fees other than those for a retained search for the
introduction of employees."

# ARNOLD & PORTER LLP

Honorable Paul A. Crotty
May 16, 2008
Page 3

insufficient writings to seek to establish a contract, and thus her breach of contract claims should be dismissed in their entirety.

Moreover, an independent ground for dismissal of plaintiffs' breach of contract claims exists insofar as Ms. Vioni seeks fees related to transactions in securities. One seeking such fees must be registered in accordance with the U.S. securities laws. *See* Joseph K. Bannon, C.P.A., SEC No-Action Ltr., 1998 WL 235393 (Dec. 9, 1988) (the "direct or indirect receipt by [persons] who are not registered broker-dealers ... of referral fees, finder's fees, commissions or any part thereof, or similar transaction-based compensation in connection with transactions in securities still would require these [persons] to register as broker-dealers with the Commission."). Ms. Vioni admittedly is not registered as a representative of a broker-dealer. Compl. ¶¶ 132-33. Thus, any alleged agreement relating to Ms. Vioni being paid fees related to transactions in securities is illegal and unenforceable. *See Torsiello Capital Partners LLC v. Sunshine State Holding Corp.*, Index No. 600397/06 (N.Y. Sup. Ct., April 1, 2008) (published in *New York Law Journal* on May 8, 2008, p. 26, col. 1) ("First International's failure to register as a securities broker also renders the contract unenforceable under the common law of illegality.").

## Plaintiffs' Quantum Meruit Claims Should Be Dismissed

Plaintiffs' quantum meruit claims also are precluded by N.Y. G.O.L.§ 5-701, which provides in relevant part: "This provision shall apply to a contract implied in fact or in law to pay reasonable compensation ...." As stated in *Sugerman v. MCY Music World, Inc.*, 158 F. Supp. 2d 316, 326 (S.D.N.Y. 2001), "[t]he Legislature amended subdivision 10 [of § 5-701(a)] to clearly apply the section to finders and to preclude any recovery in quantum meruit. ... (citation omitted)."

We are available for a pre-motion conference at the Court's convenience.

Respectfully,

Stewart D. Aaron

cc:    Michael Q. Carey, Esq. (via e-mail)

# CAREY & ASSOCIATES LLC
### ATTORNEYS AT LAW
521 FIFTH AVENUE, SUITE 3300
NEW YORK, NY 10175-3399

— — —

(212) 758-0076
Telecopier: (212) 758-0069

Michael Q. Carey *

MQC@CareyLitigation.com

By E-Mail

May 21, 2008

Hon. Paul A. Crotty
United States District Judge
United States Courthouse, Chambers 735
500 Pearl Street
New York, NY 10007


Re.:    Vioni v. American Capital Strategies, Ltd., et al.

08-cv-2950 (PAC)

Defendants' Request for a Pre-Motion Conference

Dear Judge Crotty:

Plaintiffs write in response to defendants' letter to the Court, dated May 16, 2008, requesting a pre-motion conference to obtain leave to file a motion to dismiss ("**Motion Letter**"). We have no objection to the conference. However, we respectfully oppose granting defendants' request for leave to move to dismiss.

Defendants state "Plaintiffs cannot circumvent the Statute of Frauds by relying on the e-mails referenced in the Complaint." (Motion Letter p 2). Defendants have failed to refer the Court to Section 5-701(b)(4), General Obligations Law, which states:

> [T]he tangible written text produced by … computer retrieval or other process by which electronic signals are transmitted by telephone or otherwise shall constitute a writing and any symbol executed or adopted by a party with the present intention to authenticate a writing shall constitute a signing.

The dozens of e-mails between the parties described in detail in the Complaint satisfy New York's Statute of Frauds.

The Complaint alleges that over a period of approximately 12 months between late 2006 and late 2007, the parties entered into a written contract. (Compl ¶¶ 57-58).

* Also Admitted in New Jersey

Hon. Paul A. Crotty
United States District Judge
May 21, 2008
Page 2

For virtually that entire period, defendants accepted the services of Vioni with the written promise to pay her dependent on the final structure of the transactions. (e.g. Compl ¶ 75). However, when defendants knew the final form of the transactions, in August and November 2007, they refused to advise Vioni of the structure of the deal. (Compl ¶¶ 127-29).

To support their request for leave to file a motion to dismiss, defendants disregard the standard that the Court accept as true the facts alleged in the Complaint. For example, citing a July 17, 2007 e-mail from ACAS, they argue facts most favorable to them:

> [I]n one e-mail, ACAS affirmatively
> stated that it would not agree to pay
> Ms. Vioni the type of fees she was
> envisioning. (Motion Letter p 2, FN
> omitted).

The e-mail excerpt cited in note 3 does not support such a broad reading. The e-mail does not state that Vioni would not be paid despite being retained to find the employees hired by ACAS from Providence Investment Management, LLC. (Motion Letter n 3). To the contrary, plaintiffs have alleged that the July 17, 2007 e-mail is a written confirmation that ACAS agreed to pay Vioni, among other matters. (Compl ¶ 92). A copy of the e-mail will be provided with leave of the Court.

Defendants' reliance on Bronner is misplaced. The Court dismissed Bronner's Complaint, in which Bronner sought judgment on an oral Commission Agreement, as barred by the Statute of Frauds. Bronner v. Park Place Entertainment Corp., 137 F.Supp.2d 306, 307-308 (S.D.N.Y. 2001). In this Complaint, plaintiffs have alleged a written agreement in detail based on dozens of e-mails exchanged over a period of nearly 12 months. Plaintiffs' allegations are not "insufficient" (Motion Letter p 3) and they do not create a "significant potential for mischief." Bronner, 137 F.Supp. at 311.

Defendants' argument that the case should be dismissed, because Vioni is not registered, is dependent on Vioni seeking "fees related to transactions in securities." (Motion Letter p 3). Defendants have not described the nature of the deal they struck as one related to securities. Whether or not Vioni must become registered is dependent on her discovery of the nature of the deal. As Vioni has alleged, if the deal requires her to be registered, she will do what is required. (Compl ¶¶ 131-134).

Whether or not Vioni is forced to rely on her claim based on Quantum Meruit will depend on discovery. Defendants rely on

Hon. Paul A. Crotty
United States District Judge
May 21, 2008
Page 3

Sugerman v. MCY Music World, Inc., et al., 158 F.Supp.2d 316,
326 (S.D.N.Y. 2001); a decision on a motion for summary
judgment. Id. at 319. Sugerman cited the New York Court of
Appeals in Minichiello v. Royal Business Funds Corp. as holding
that GOL 5-701 cannot be circumvented by a claim of unjust
enrichment or quasi contract based on an oral finder's agreement
for which there was nothing in writing. Id. at 326. Sugarman did
not disallow pleading a claim of quantum meruit prior to
discovery where plaintiff alleged a written agreement.
Defendants omitted from their Minichiello quote the portion
underlined below that distinguishes a totally oral claim from
this case:

> 'The Legislature amended subdivision 10
> to clearly apply the section to finders
> and to preclude any recovery in quantum
> meruit … The nature of the transaction
> is such that, in the absence of the
> requirement of a writing, unfounded and
> multiple claims for commissions are
> frequently asserted … [T]o allow
> recovery for the reasonable value of
> these services is to substantially
> defeat the writing requirement.'
> (citations omitted).

Vioni's claims are not designed to defeat the writing
requirement.

Defendants have not presented any argument that justifies
granting them leave to make a motion to dismiss the Complaint.
Such a motion would serve only to delay the discovery that is
warranted in this matter.

Respectfully yours,

Michael Q. Carey

Cc.:    Stewart D. Aaron, Esq. (by e-mail)
        Lisa Vioni (by e-mail)